# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MARTINEZ,<br># A30-700-636,<br><br>                  Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendant. | Civil No.   06-1260 L (JMA)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

## I.  Procedural History

Victor Martinez, a Bureau of Immigration and Customs Enforcement ("BICE") detainee proceeding pro se and currently housed at the San Pedro Processing Center, submitted a civil action pursuant to the Federal Tort Claims Act ("FTCA") under 28 U.S.C. § 1346(b) on June 30, 2006 [Doc. No. 1].  In his Complaint, Plaintiff alleges that, while he was incarcerated at the San Diego Correctional Facility ("SDCF") in San Diego, various Corrections Corporation of America ("CCA") Security Officers responsible for operating SDCF violated his constitutional rights.

////

////

1    The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* but sua sponte
2 dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2) because he failed to state a claim
3 upon which relief could be granted. *See* Jan. 8, 2007 Order at 4-5. However, the Court granted
4 Plaintiff leave to file an Amended Complaint correcting the deficiencies of pleading noted in the
5 Court's Order. *Id.* at 5.

6    On March 29, 2007, after seeking an extension of time to file a First Amended Complaint,
7 Plaintiff filed a document entitled "Motion to File First Amended Complaint as [Ordered] by the
8 Court Pursuant to the FRCP" [Doc. No. 17]. However, in the body of this motion, Plaintiff
9 stated that he was, in fact, submitting his First Amended Complaint. Thus, the Court filed this
10 "motion" as Plaintiff's First Amended Complaint. Because of Plaintiff's apparent confusion,
11 the Court dismissed this First Amended Complaint and informed Plaintiff that he would have
12 the opportunity to correct the deficiencies of pleading by filing a Second Amended Complaint.
13 After granting Plaintiff several extensions of time, Plaintiff filed his Second Amended
14 Complaint ("SAC") on August 10, 2007.

15 **II.    Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2)**

16    Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the
17 Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon
18 which relief may be granted, or seek monetary relief from a defendant immune from such relief."
19 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)
20 (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez*
21 *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits,
22 but requires a district court to dismiss an in forma pauperis complaint that fails to state a
23 claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true
24 all allegations of material fact and must construe those facts in the light most favorable to the
25 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,
26 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of
27 Civil Procedure 12(b)(6).").

28 ////

1    It is clear to the Court that Plaintiff's Second Amended Complaint suffers from the same
2 deficiencies previously addressed by this Court, as well as being duplicative of a number of
3 previous complaints brought by Plaintiff.

4    **A.    Rule 8**

5    First, Plaintiff's Second Amended Complaint contains seventy two (72) pages of
6 typewritten, single spaced allegations. Many of the allegations consist of events such as Plaintiff
7 being woken early in the morning to be taken to a medical appointment, *see* FAC at 16,
8 Defendants "yelling" at Plaintiff, *id.* at 17, a Defendant removing soap and a pen from Plaintiff's
9 cell after a search, *id.* at 19, and Plaintiff's incoming mail being held for a week. *Id.* at 41.

10    Here, the Court finds that Plaintiff's Second Amended Complaint fails to comply with
11 FED. R. CIV. P. 8(a), which provides that a complaint "shall contain (1) a short and plain
12 statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain
13 statement of the claim showing that the pleader is entitled to relief, and (3) a demand for
14 judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Rule 8 is designed to provide
15 defendants with fair notice of the claims against them and the grounds on which those claims
16 rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

17    **B.    Duplicative Claims**

18    A court "may take notice of proceedings in other courts, both within and without the
19 federal judicial system, if those proceedings have a direct relation to matters at issue." *United*
20 *States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.
21 1992). The Court takes notice of a variety of other actions filed by Plaintiff in which he has
22 alleged the same factual allegations but then files a "Notice of Voluntary Dismissal" pursuant
23 to FED.R.CIV.P. 41(a)(1). Specifically, the Court takes judicial notice of *Martinez v. Dep't of*
24 *Homeland Security, et al.*, S.D. Cal. Civil Case No. 04cv1377 JM (JMA); *Martinez v. Dep't of*
25 *Homeland Security, et al.*, S.D. Cal. Civil Case No. 04cv1795 LAB (JMA); and *Martinez v.*
26 *Corrections Corp. of America*, 04cv2086 J (AJB). Each of these cases contains the same
27 allegations that are contained in the case currently before the Court. While Plaintiff filed a
28 Notice of Voluntary Dismissal in each of these actions, these dismissals operate as an

adjudication on the merits because they involve the same claims. *See* FED.R.CIV.P. 41(a)(1). Accordingly, the Court dismisses Plaintiff's Second Amended Complaint in this action as frivolous because it "merely repeats pending or previously litigated claims." *Cato v. United States*, 700 F.3d 1103, 1105 n. 2 (9th Cir. 1995).

### C.  Federal Torts Claim Act

As the Court previously informed Plaintiff, the FTCA provides, in part, that the sovereign immunity of the United States is waived for suits resulting from torts "caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See* Jan. 8, 2007 Order at 4 (citing 28 U.S.C. § 2675(a)).

Because Plaintiff had previously based his entire action on alleged violations of constitutional law by employees of the Correctional Corporation of America rather than a violation of a tort under the laws of the State of California, the Court dismissed this action. *Id.* at 4 (citing *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) (holding that to state a claim under the FTCA, a plaintiff must allege a state law tort claim, not a deprivation of a federal constitutional right.)) Here, Plaintiff continues to claims that he was deprived of his "1st, 4th, 5th, 6th, 8th and 14th amendment rights of the U.S. Constitution." SAC at 5. In fact, throughout Plaintiff's seventy two page Second Amended Complaint he consistently alleges that his claims are based on the violation of his constitutional rights. Thus, the Court finds that Plaintiff has failed to state an FTCA claim.

### III.  Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's Second Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

////

////

////

Because it does not appear "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: September 6, 2007

                                           *M. James Lorenz*
                                           M. James Lorenz
                                           United States District Court Judge